USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH VAUGHNS,

                Plaintiff,

    - against -

CITY OF NEW YORK, ET AL.,

                Defendants.

17-cv-3448 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Kenneth Vaughns, brings this action pro se against the City of New York and two Jane Doe corrections officers alleging claims under 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978), for violations of his constitutional rights arising out of an altercation with another inmate. The plaintiff alleges that he was stabbed in the back twice by a fellow inmate at the Anna M. Kross Correctional Facility on Riker's Island. The defendants have moved to dismiss Vaughns's claims with prejudice. Vaughns has missed two deadlines to file a brief in opposition to the defendants' motion.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the Complaint are accepted as true. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor.

Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atl. Corp., 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purpose of a motion to dismiss pursuant to Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d Cir.2 007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002); see also Smith v. Doe, No. 10-cv-3136, 2010 WL 4964394, at *1 (S.D.N.Y. Dec. 1, 2010).

The Court construes the plaintiff's allegations that he was injured while incarcerated as a result of misconduct by officers of the State and in violation of his constitutional rights to

2

allege a form of a deliberate indifference claim. However, because the Complaint does not specify whether at the time of the alleged injury the plaintiff was being held awaiting a criminal trial or after he had been convicted, the Court cannot determine whether the plaintiff's claims arise under the Fourteenth Amendment or the Eighth Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017); Olivier v. Robert L. Yeager Mental Health Ctr., 398 F.3d 183, 191 n.7 (2d Cir. 2005). The Second Circuit Court of Appeals recently held that the Fourteenth Amendment deliberate indifference standard, which applies to pre-trial detainees, and Eighth Amendment deliberate indifference standard, which applies to convicted inmates, differ because the Fourteenth Amendment standard does not contain a subjective deliberateness prong. Darnell, 849 F.3d at 35-36. However, both the Eighth and Fourteenth Amendments require that a plaintiff state more than a claim of negligence; a plaintiff must state that the official acted intentionally or recklessly. Id. at 36; Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) (per curiam).

Here, the plaintiff alleges that the Jane Doe corrections officers failed to protect him from his fellow inmate because they were asleep. The plaintiff has not alleged that the officers had any advance knowledge that the plaintiff was in danger from a fellow inmate. That amounts to no more than

3

allegations of negligence, and thus the Complaint as currently pleaded does not state a claim of deliberate indifference under either the Eighth or Fourteenth Amendments. See Darnell, 849 F.3d at 36; Jabbar, 683 F.3d at 57; see also Breland v. Abate, 917 F. Supp. 220, 222 (S.D.N.Y. 1996) (denying deliberate indifference claim under the Fourteenth Amendment because the plaintiff's allegations that the prison official was asleep when a fight broke out among fellow inmates stated "no more than mere negligence").

Under Monell, municipalities like the City may be liable for damages under § 1983 for injuries inflicted pursuant to a government policy or custom. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985). A plaintiff may establish the existence of a municipal policy or custom by showing the municipality failed to train its employees properly such that " 'the failure to train amounts to deliberate indifference to the rights' of those with whom municipal employees will come into contact." Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Because "neither Monell . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact . . . the officer inflicted no constitutional harm," the threshold issue for this claim is whether the plaintiff suffered

the deprivation of constitutional rights that he alleges. <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) (per curiam); see also <u>Ochoa v. Bratton</u>, No. 16-cv-2852, 2017 WL 5900552, at *4 (S.D.N.Y. Nov. 28, 2017).

As explained above, the plaintiff has not pleaded a constitutional deprivation by the Jane Doe officers. Therefore, his <u>Monell</u> claim as currently pleaded must be dismissed.

However, the plaintiff has had only one opportunity to file a complaint in this case and it remains possible that he could amend his complaint to plead sufficient culpability on the part of the Jane Doe Officers. Therefore, the plaintiff's complaint is dismissed **without prejudice**. The plaintiff shall file any amended complaint by April 13, 2018.

**SO ORDERED.**

Dated: New York, New York
March 13, 2018

_____
John G. Koeltl
**United States District Judge**

5